John G. Kerkorian (012224)
kerkoriang@ballardspahr.com
Michael A. DiGiacomo (032251)
digiacomom@ballardspahr.com
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:    602.798.5400
Facsimile:    602.798.5595

Attorney for Defendant
*Congressional Bank*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Charles A. Gulden, | Case No. |
|---|---|
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Congressional Bank | Removed from the Yuma Justice Court First Precinct in and for the County of Yuma, State of Arizona |
| Defendant. | Case No. J1401CV201701999 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Congressional Bank, appearing solely for the purpose of filing this Notice of Removal, and reserving all rights, defenses, exceptions, objections and claims and without waiver thereof, hereby removes the action entitled *Charles A. Gulden v. Congressional Bank*, Case No. J1401CV201701999 (the "State Court Action"), currently pending in the Yuma Justice Court First Precinct in and for the County of Yuma, State of Arizona, to the United States District Court, District of Arizona. In further support of this Notice of Removal, Congressional Bank states as follows:

1.    Plaintiff Charles A. Gulden ("Gulden") filed the State Court Action on September 25, 2017, and served DSNB with the Summons and Complaint. The Complaint was the first pleading received by Congressional Bank, through service or otherwise, setting forth the claims for relief upon which the State Court Action is based. This Notice of Removal has been filed within the time period prescribed by 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings and orders served upon Congressional is attached

hereto as <u>Exhibit A</u>.  Congressional Bank has not filed any responsive pleadings in the State Court Action.

2. According to Gulden, his claim is "made pursuant to the federal Telephone Consumers [sic] Protection Act (TCPA), 47 U.S.C. § 227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. 200." *See* Compl., ¶ 1 (Exh. A). Gulden alleges that, on or about September 20, 2017, Congressional Bank, or parties acting on its behalf, initiated a solicitation call to his cellular telephone through the use of automatic telephone dialing system. *See id.* at ¶¶ 3 – 6. Based on Congressional Bank's alleged conduct, Gulden asserts claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and seeks statutory damages as redress.  Gulden's Complaint contains a Jury Demand.

3. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Any civil action commenced in state court is removable if it might have been originally brought in federal court. *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563-64, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) ("a district court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action").  Here, a federal question is presented on the face of the Complaint because Gulden alleges that Congressional Bank violated the TCPA, a federal statute.  A United States District Court is the proper forum to hear an action brought pursuant to the TCPA.  *See Mims v. Arrof Fin. Svs., LLC*, 132 S. Ct. 740 (2012).  15 U.S.C. § 1681p ("Nothing in the text, structure, purpose of legislative history of the TCPA calls for displacement of the federal question jurisdiction courts ordinarily have under 28 U.S.C. § 1331.").  Accordingly, the State Court Action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

4. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the State Court Action was filed in Yuma County and it allegedly arises from events that took place there.

2

5. Congressional Bank reserves the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand.

6. A copy of this Notice of Removal is being concurrently filed with the Yuma Justice Court First Precinct in and for the County of Yuma, State of Arizona, and concurrently served on Gulden.

**WHEREFORE**, Congressional Bank requests that the above-captioned action, currently pending in the Yuma Justice Court First Precinct in and for the County of Yuma, State of Arizona, be removed to this United States District Court, District of Arizona, which shall assume full jurisdiction over it as provided by law.

DATED this 13th day of October, 2017.

                BALLARD SPAHR LLP


                By: s/ Michael A. DiGiacomo
                    John G. Kerkorian
                    Michael A. DiGiacomo
                    1 East Washington Street, Suite 2300
                    Phoenix, AZ 85004-2555
                    *Attorneys for Congressional Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day October, 2016, I electronically transmitted the foregoing document to the U.S. District Court for the District of Arizona Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

A COPY of the foregoing was mailed this 4th day of November, 2016 to:

Charles A. Gulden
11802 E. 28th Place
Yuma, Arizona 85367


s/ Catherine M. Weber