# Exhibit A

Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

FILED

2017 SEP 25 PM 2:30

YUMA COUNTY COURT
FIRST PRECINCT

## IN THE YUMA COUNTY COURT

## STATE OF ARIZONA

| | |
|---|---|
| CHARLES A. GULDEN,<br><br>                    Plaintiff,<br><br>vs.<br><br>CONGRESSIONAL BANK<br><br>                    Defendant. | Case No. __J1401CV20170|999__<br><br><br>**COMPLAINT** |

### JURISDICTION AND VENUE

1.  This claim arises from tort and is made pursuant to the federal Telephone Consumers Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2.  Plaintiff, Charles A. Gulden, resides in Yuma County, Arizona. Defendant, Congressional Bank a Maryland corporation that conducts business activities into and within the state of Arizona. All acts complained of herein occurred on Plaintiff's cellular telephone located in Yuma County, Arizona.

### FACTUAL ALLEGATIONS

3.  On 20 September 2017 Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated a solicitation call to Plaintiff's cellular telephone ending in 0080 for the purpose of soliciting for its home mortgage products and services.

4.  The complained of call came from the phone number/Caller- ID of 614-335-5225.

COMPLAINT - 1

5.  Discussion by the Plaintiff with Defendant's sales agent confirmed that the aforementioned call was to market its home mortgage products and services to the Plaintiff.

6.  When Plaintiff listened to Defendant's phone message he heard distinctive 'click and pause' and other sounds and indications that were indicative of an "automatic telephone dialing system" (ATDS).

7.  Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated the above cited calls utilizing an ATDS as defined by 47 U.S.C. § 227(a)(1) without Plaintiff's prior express consent.

8.  Plaintiff is not a customer of Defendant and had not previously provided personal cell phone number to Defendant.

9.  The complained of call to Plaintiff was an unsolicited advertisement for the purpose of selling Defendant's home mortgage products and services, since Plaintiff had not expected, desired or requested the call and had not granted prior express invitation or permission for the call to his telephone number.

10.  The complained of call constituted a call that was not for emergency purposes.

11. The complained of call was an unwelcome annoyance, distraction and disturbance to Plaintiff, an invasion of Plaintiff's privacy unnecessarily occupying Plaintiff's telephone line and consuming Plaintiff's limited phone minutes as well as Plaintiff's time and attention to receive and deal with the call.

12.  For more than thirty-one (31) days prior to Defendant's call to Plaintiff's cell phone, Plaintiff's cellular telephone number was registered on the national Do-Not-Call registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

COMPLAINT - 2

**TCPA VIOLATION I**

13.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.  The foregoing call initiated by or on behalf of Defendant constitutes negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(a)(iii).

15.  The foregoing call initiated by or on behalf of Defendant constitutes knowing and/or willful violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C).

**TCPA VIOLATION II & III**

16.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.  On 21 September 2017 Plaintiff made a specific request to Defendant's agent or employee for his telephone number to be added to Defendant's internal Do Not Call list and Plaintiff specifically requested that a copy of the Defendant's written policy for maintaining its Do Not Call list be made available to him.

18.  Defendant's agent or employee did not respond affirmatively to Plaintiff's request for a copy of Defendants' written policy and subsequent to Plaintiff's foregoing request Defendants have not provided or made available the requested copy to Plaintiff.

19.  Independent of the violations cited elsewhere in this Complaint, Defendant's failure to establish and implement written procedures to comply with the national Do Not Call rules and provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff constitute two (2) separate willful violations of 47 C.F.R. § 1200(c)(2)(i)(A) and 47 C.F.R. § 1200(d)(1), entitling Plaintiff to an award of $1,500.00 in

COMPLAINT - 3

statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C) for each of these two (2) violations.

**TCPA VIOLATION IV**

20.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.  Independent of the violations cited elsewhere in this Complaint, Defendant's numerous and multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendant has failed to train its personnel or others acting on its behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2), 47 C.F.R. §1200(c)(2)(i)(B) and 47 C.F.R. §1200(d)(2).

22.  Defendant's failure to train its personnel and any entity assisting in its compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes knowing and willful violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

**RELIEF REQUESTED**

23.  Plaintiff seeks monetary damages based on treble the amount of One Thousand Five Hundred Dollars ($1,500.00) for the TCPA violation complained of herein, in the total amount of Six Thousand Dollars ($6,000.00).  Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

**JURY DEMAND**

24.  Plaintiff respectfully requests trial by jury.

Dated this 25th day of September, 2017.

Charles A. Gulden

COMPLAINT - 4

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182

**Yuma Justice Court First Precinct**
In and For the County of Yuma, State of Arizona
250 W. 2nd Street, Suite A
Yuma, AZ 85364 (928) 817-4100

**PLAINTIFF**
Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367

Case No: _____ J1401CV201701999

-vs-

**SUMMONS**

**CIVIL**

**DEFENDANT**
Congressional Bank
c/o John R. Lane, Registered (Resident) Agent
6701 Democracy Blvd, Suite 400
Bethesda, MD 20817

**THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):**

1.  You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee. If you cannot afford to pay the required fee, you can request the court to waive or to defer the fee.

2.  If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service. If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3.  This court is located at: **250 W. 2nd Street, Suite A, Yuma, AZ 85364.**

4.  Your answer must be in writing. (a) You may obtain an answer form from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to prepare your answer electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5.  You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

**IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.**

Date: _____ SEP 2 5 2017 _____

Judge's Signature
JUSTICE OF THE PEACE

{JUSTICE SEAL COURT SEAL}

**REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.**

**Notice to the Defendant:  A lawsuit has been filed against you in Justice Court!**
**You have rights and responsibilities in this lawsuit. Read this notice carefully.**

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them.  A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney.  A corporation has a right to be represented by a managing member.  A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due.  The clerks and staff at the court are not allowed to give you legal advice.  If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit.  The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at ***http://www.azcourts.gov/***, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant."  You must file an answer or other response to the plaintiff's complaint **in writing** and **within twenty (20) days** from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of-state.)  If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you.  Your answer must state your defenses to the lawsuit.  Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at ***http://www.azcourts.gov/***, under the "Public Services" tab.  You may prepare your answer electronically at ***http://www.azturbocourt.gov/***; this requires payment of an additional fee.  You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties.  You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one.  When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer.  If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit.  However, until an agreement is reached you must still file your answer and participate in the lawsuit.  During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other.  The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit.  A party may also learn more about the other side's case through discovery.  Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates.  You must appear at the time and place specified in each notice.  If you fail to appear at a trial or a hearing, the court may enter a judgment against you.  To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.